IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| GARY SHELDON,<br>    ID # 13437-045,<br>        Plaintiff,<br><br>vs.<br><br>MARTHA UNDERWOOD, et al.,<br>        Defendants. | No. 3:19-CV-2041-M-BH<br><br><br>Referred to U.S. Magistrate Judge[1] |

### FINDINGS, CONCLUSIONS, AND RECOMMENDATION

Based on the relevant filings and applicable law, the *Motion for Preliminary Injunction*, received on May 4, 2022 (doc. 50), should be **DENIED**.

### I.  BACKGROUND

In this action, Gary Sheldon (Plaintiff), a federal inmate, sued multiple employees of FCI-Seagoville in their individual and official capacities under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971).  (*See* docs. 40, 41, 47.)  He alleges that the defendants unlawfully classified him as a sexual offender, which resulted in the imposition of unconstitutional conditions of confinement and violation of his constitutional rights; he alleges retaliation based on events that occurred after he filed the action.  (*See generally id.*)  Plaintiff also filed a motion for expedited service and issuance of a preliminary injunction.  (*See* doc. 44.)

On April 29, 2022, it was recommended that his complaint be dismissed with prejudice under 28 U.S.C. §§ 1915(e)(2)(B)(i) and 1915A(b) as frivolous and for failure to state a claim, and that his prior motion for injunctive relief be denied.  (*See* doc. 49.)  His current motion for injunctive relief on his claims, dated April 27, 2022, was received on May 4, 2022.  (*See* doc. 50.)

---

[1] By *Special Order No. 3-251*, this *pro se* case has been automatically referred for full case management.

## II.     INJUNCTIVE RELIEF

Plaintiff seeks a preliminary injunction "pursuant to Rule 65(a) Fed. R. Civ. P. enjoining the defendants, their successors in office, agents and employees and all other persons employed within the BOP to comply wit [sic] APA requirements, see Castellini v. Lappin, 365 F. Supp. 2d 197, 206 (D. Mass. 2005), protecting correspondence, see Martyr v. Bachik, 770 F. Supp. 2d 1406 (D. Or[.] 1991)."  (doc. 50 at 2-3.)

The Fifth Circuit has recognized that a plaintiff may request "injunctive relief from violation of his federal constitutional rights." *Rourke v. Thompson*, 11 F.3d 47, 49 (5th Cir. 1993) (citing *Bell v. Hood*, 327 U.S. 678, 684 (1946)); *see also Ramsey v. United States*, No. 3:96-CV-3358-G, 1997 WL 786252, at *2 n.2 (N.D. Tex. Dec. 11, 1997) (a plaintiff may seek injunctive or declaratory relief in addition to monetary relief in a *Bivens* action).  Issuing an injunction "is an extraordinary and drastic remedy, not to be granted routinely, but only when the movant, by a clear showing, carries the burden of persuasion." *White v. Carlucci*, 862 F.2d 1209, 1211 (5th Cir. 1989) (quotation marks and citation omitted).  To obtain a preliminary injunction, the moving party must show: (1) a substantial likelihood of success on the merits; (2) a substantial threat of irreparable injury if the injunction is not issued; (3) that the threatened injury outweighs any damage the order might cause to the responding party; and (4) that the injunction will not disserve the public interest. *Enrique Bernat F., S.A. v. Guadalajara, Inc.*, 210 F.3d 439, 442 (5th Cir. 2000); *see also* Fed. R. Civ. P. 65.  If the party seeking an injunction fails to carry the "heavy burden" to show each of these prerequisites, a preliminary injunction is not warranted. *Enter. Int'l, Inc. v. Corporacion Estatal Petrolera Ecuatoriana*, 762 F.2d 464, 472 (5th Cir. 1985) (internal quotation marks omitted).

In the April 29 recommendation, the Court found that because Plaintiff's claims against the defendants under *Bivens* arise in a new context, and special factors counsel against extending *Bivens* to them, his claims are without merit and are subject to dismissal as frivolous and for failure to state a claim. (*See* doc. 49 at 7-16.) For the reasons set forth in the recommendation, he cannot establish a likelihood of success on the merits of this *Bivens* action, and his motion for a preliminary injunction should be denied.

### III. RECOMMENDATION

The *Motion for Preliminary Injunction*, received on May 4, 2022 (doc. 50), should be **DENIED**.

**SIGNED this 10th day of May, 2022.**

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE